UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1729 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | UNSON PAEK, ET AL., v. PLAZA HOME MORTGAGE, INC., ET AL., | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Timothy Thurman | | John Alessio |

**Proceedings:** **DEFENDANT PLAZA HOME MORTGAGE, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**
(Filed 5/14/09)

## I.   INTRODUCTION

On March 12, 2009, plaintiffs Unson Paek and Jung Paek filed the suit against defendants Plaza Home Mortgage, Inc. ("Plaza Home"); Indymac F.S.B.; DLJ Mortgage Capital, Inc.; CLC Consumer Services Co.; Charles Schwab Bank, N.A.; PHH Mortgage Corporation, and Does 1 through 10 alleging various claims arising out of the foreclosure of their home.

On April 20, 2009, plaintiffs filed a first amended complaint ("FAC") against defendants Plaza Home; Indymac F.S.B.; Charles Schwab Bank, N.A.; PHH Mortgage Corporation, and Does 1 through 10.  Plaintiff alleges the following claims against Plaza Home alleging claims for (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of Cal. Civ. Code § 2923.6; (6) violation of Cal. Civ. Code § 2923.5; (7) violation of Cal. Bus. & Prof. Code §§ 17200 and 17500; (8) quiet title; and (9) declaratory relief.

On May 14, 2009, defendant Plaza Home filed the instant motion to dismiss the FAC.  On June 1, 2009, plaintiffs filed their opposition.  On June 8, 2009, defendant filed its reply.  A hearing was held on June 15, 2009.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1729 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | UNSON PAEK, ET AL., v. PLAZA HOME MORTGAGE, INC., ET AL., | | |

## II.   BACKGROUND

Plaintiffs allege that on or about May 9, 2005, they obtained a $584,000 primary mortgage loan and $73,000 second mortgage loan from Plaza Home secured by plaintiff's principal residence, located at 7286 Woodvale Court, Los Angeles, California.  FAC ¶ 18.  Plaintiffs allege that these notes were secured by a first and second trust deed on the property in favor of Plaza Home.  Id.  Plaintiffs further allege that "the terms of the finance transaction with [Plaza Home] are not clear or conspicuous, nor consistent, and include reference to a variable rate note with a 'teaser rate' or discounted rate of 1%, conflicting interest rate change dates, a yield spread premium, and other rates and fees for which [Plaza Home] either did not disclose, make clear, or had not included as part of the finance charge."  FAC ¶ 19.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1729 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | UNSON PAEK, ET AL., v. PLAZA HOME MORTGAGE, INC., ET AL., | | |

theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Defendant argues that the FAC contains only two paragraphs of allegations against it and that these allegations are "woefully inadequate as factual support for the claims made in the FAC." Mot. at 4. Defendant contends that the FAC does not allege any specific misconduct attributable to Plaza Home or any specific damage arising therefrom. Id.

### A. Plaintiff's TILA and RESPA Claims

The Court concludes that plaintiffs' TILA and RESPA claims should be dismissed. Plaintiffs' TILA claim alleges that defendant "violated the requirements of TILA and Regulation Z, and other applicable laws, in one or more of the following ways within one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1729 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | UNSON PAEK, ET AL., v. PLAZA HOME MORTGAGE, INC., ET AL., | | |

year of the Closing Date" and lists sixteen sections of TILA and Regulation Z without any factual support.  Similarly, plaintiffs' RESPA claim alleges that defendant "violated RESPA in one or more of the following ways" and lists thirteen sections of RESPA without factual support  These allegations are inadequate to "raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

### B.    Plaintiff's Breach of Contract Claim

The Court concludes that plaintiffs' breach of contract claim should be dismissed. Plaintiffs allege that "BANK breached the agreement by, among other things, failing to calculate and charge an interest rate based on the Index agreed to."  FAC ¶ 36.  Plaintiffs fail to identify which bank breached which agreement or any details regarding the alleged miscalculation.  These allegations are inadequate to "raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

### C.    Plaintiff's Breach of the Implied Covenant of Good Faith and Fair Dealing Claim

The Court concludes that plaintiffs' claim for breach of the implied covenant of good faith and fair dealing should be dismissed.  Plaintiffs allege that defendant's "attempt to foreclose upon the property lawfully belonging to Plaintiff without production of documents demonstrating the lawful rights for said foreclosure would constitute a breach of the said covenant of good faith and fair dealing."  FAC ¶ 40. However, defendant does not have any special relationship with plaintiffs that would support recovery in tort for breach of the implied covenant of good faith and fair dealing. Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such").  Moreover, the Court cannot conclude that a foreclosure conducted in accordance with the terms of a deed of trust constitutes a breach of the implied covenant of good faith and fair dealing. Furthermore, defendant did not participate in the foreclosure because they sold the note "several years ago."  See FAC, Ex. E (demonstrating that the foreclosure was conducted by defendants PHH Mortgage Corporation and INDYMAC).

### D.    Plaintiff's Claim for Violation of Cal. Civ. Code § 2923.6

The Court concludes that plaintiffs' claim for violation of Cal. Civ. Code § 2923.6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1729 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | UNSON PAEK, ET AL., v. PLAZA HOME MORTGAGE, INC., ET AL., | | |

should be dismissed. Plaintiffs allege that "[a] loan modification would be in the best interest of all parties in this case because Plaintiff is currently in default and the recovery under a loan modification or workout plan would exceed the anticipated recovery through foreclosure." FAC ¶ 44. Plaintiffs' claim is based on the erroneous assumption that § 2923.6 requires a lender to enter into a loan modification if it is in the best interest of the parties. Section 2923.6 contains no such requirement and plaintiff's claim should therefore be dismissed. Farner v. Countrywide Home Loans, 2009 WL 189025 at *2 (S.D. Cal. Jan. 26, 2009) ("nothing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers.").

### E.    Plaintiff's Claim for Violation of Cal. Civ. Code § 2923.5

The Court concludes that plaintiffs' claim for violation of Cal. Civ. Code § 2923.5 should be dismissed. Plaintiffs allege that defendant violated § 2923.5 "in one or more of the following ways" and restates the statute. These allegations are inadequate to "raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

### F.    Plaintiff's Claim for Violation of Cal. Bus. & Prof. Code §§ 17200 and 17500

The Court concludes that plaintiffs' claim for violation of Cal. Bus. & Prof. Code §§ 17200 and 17500 should be dismissed. Plaintiffs allege that defendant's "act or practices of failing to accurately and adequately disclose the true loan terms, failing to provide Plaintiff with the necessary disclosures and documents, violating anti-predatory lending statutes requiring such disclosures, etc., all as previously alleged with this Complaint, was and is illegal, unfair, fraudulent and/or deceptive." FAC ¶ 36. Because the Court herein dismisses all of plaintiffs' claims, there is no predicate to support plaintiffs' claim pursuant to §§ 17200 and 17500. See Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal. App. 4th 700, 718 (2001). Furthermore, plaintiffs' claim is preempted by TILA. Nava v. VirtualBank, 2008 WL 2873406, *7 (E.D. Cal. Jul. 16, 2008) ("for the same reason that plaintiff's UCL claim based on unfair or fraudulent business practices is preempted by federal law, plaintiff's UCL claim based on violation of TILA is also preempted.")

### G.    Plaintiff's Claim to Quiet Title

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1729 CAS (CTx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | UNSON PAEK, ET AL., v. PLAZA HOME MORTGAGE, INC., ET AL., | | |

      The Court concludes that plaintiffs' claim to quiet title should be dismissed. Plaintiff alleges that none of the defendants have any right in the property and seeks a declaration that "title to the subject Property is vested in Plaintiff alone." FAC ¶ 75. The Court concludes that plaintiff cannot "quiet title without discharging [their] debt. The cloud upon [their] title persists until the debt is paid." Aguilar, 39 Cal. App. 3d at 477. The non-judicial foreclosure sale does not entitle plaintiffs to quiet title to the property without paying their debt. See Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.").

### H.    Plaintiff's Claim for Declaratory Relief

      The Court concludes that plaintiff's claim for declaratory relief should be dismissed. "The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action." Lilly, 258 Cal. App. 2d at 470. The object of the declaratory relief statute is "not to furnish a litigant with a second cause of action for the determination of identical issues." Id. The Court concludes that plaintiffs' claim for declaratory relief should be dismissed because it is duplicative of their other claims.

### V.    CONCLUSION

      In accordance with the foregoing, the Court hereby GRANTS defendant's motion to dismiss without prejudice. Plaintiffs shall file an amended complaint curing the defects noted herein within 45 days after the filing of this order. In the event that plaintiffs do not amend their complaint within 45 days, this order will operate as a dismissal with prejudice.

      IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |